IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DISTRICT

| | |
|---|---|
| ACME ROOFING AND SHEET METAL COMPANY, INC./ITS JOINT VENTURE, | ) ) ) ) |
| Interpleader Plaintiff, | ) ) ) |
| v. | ) Civil Action No: 12-CV-1056-KOB ) |
| AIR TEAM USA, INC., BENNETT LUMBER CO., LLC, GRACE CONSTRUCTION, LLC, and REROOF AMERICA MANAGEMENT SERVICES, LLC, | ) ) ) ) ) ) |
| Interpleader Defendants. | ) |

**MEMORANDUM OPINION**

This matter comes before the court on the Defendant/Cross Claim Defendant Reroof America Management Services' Motion to Dismiss Grace Construction, LLC's Amended Cross Claim, filed on February 25, 2013. (Doc. 56). Grace Construction, LLC filed its response on March 19, 2013. (Doc. 58). Reroof replied to the response on March 27, 2013. (Doc. 59). For the following reasons, the motion is due to be GRANTED.

I.   STATEMENT OF FACTS

On or about September 24, 2008, the plaintiff, Acme Roofing and Sheet Metal Company, entered into a contract with the United States Army Corp of Engineers to provide temporary roofing to structures damaged during Hurricane Ike. (Doc. 1, ¶ 9). To fulfill this contract, Acme entered into another contract with Grace, along with other sub-contractors, in which Grace would provide the temporary roofing repair. (Id. at ¶ 10-11). An audit done by the US Department of

Labor revealed deficiencies in the work allegedly done by Grace. (Id. at ¶ 13). After spending time and money resolving these issues on Grace's behalf, Acme attempted to pay Grace the outstanding balance for the work done, minus the expenses and fees incurred during the audit, totaling $115,692.64. (Id. at ¶ 14-15). Acme was made aware that Defendants Air Team USA, Bennett Lumber Company, and KDV Roofing have possible claims on the money owed to Grace. Acme also discovered that Air Team and KDV have dissolved, thus prompting Acme to file the instant interpleader action, offering the funds to the court for determination of the relevant parties' interests. (Id. at ¶ 17-20). Defendant Reroof was subsequently substituted for KDV as the real party in interest, because of an assignment of accounts receivable executed on September 22, 2008, between KDV and Reroof. (Docs. 16, 19).

Reroof filed an answer to the interpleader complaint on June 21, 2012 (doc. 17) and asserted a cross claim against Grace. Grace and KDV had executed a sub-contract agreement for KDV to provide the materials and labor necessary for the temporary roofing work. Reroof alleges that KDV performed fully and is due $215,994.97 under the contract. (Doc. 17, ¶ 4). Reroof's cross claim alleges Grace breached this subcontract by refusing to pay the balance due to KDV, thus damaging Reroof as the assignee of KDV's accounts receivable and rights of payment. (Id. at ¶ 7-8).

Grace answered Reroof's cross claim and asserted a cross claim against Reroof on December 20, 2012. (Doc. 42). However, Grace filed an amended answer and cross claim against Reroof on February 13, 2013. (Doc. 54). Grace asserts that Reroof intentionally interfered with the contract and business relationship between Grace and Acme as well as the business relationship between Grace and KDV. Grace contends that Reroof communicated with Acme,

beginning in March 2010, claiming it, as assignee of KDV's account, was entitled to the money due from Acme to Grace. Grace argues that Reroof interfered wrongfully in both relationships, with knowledge of a waiver of lien executed by KDV in favor of Grace. Grace claims this interference caused the money due to it from Acme to be delayed and ultimately interpled in this action rather than to be paid in a timely manner. Reroof's Motion to Dismiss the amended cross claim is the subject of this current opinion.

II.     LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).   It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).   Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face*.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570)

(emphasis added).  To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard.  The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of *well-pleaded factual* allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678.   The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.  Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts.  That task  is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." *Id.*  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed.  *Id.*

III.   DISCUSSION

Grace's cross claim against Reroof alleges two counts, one of intentional interference

4

with *contractual relations* between Grace and Acme, and a second count of intentional interference with *business relations* between Grace and Acme and Grace and KDV. Alabama law recognized that these torts are essentially the same and disposed of the distinction between the two causes of action. *Gross v. Lowder Realty Better Homes & Gardens*, 494 So. 2d 590, 597 (Ala. 1986) (*overruled on other grounds by White Sands Group, L.L.C. v. PRS II, LLC*, 32 So.3d 5 (Ala. 2009); *see also Moore Oil Co., Inc. v. D & D Oil Co.*, 747 F. Supp. 2d 1280, 1289 (N.D. Ala. 2010). Therefore, the court will treat Grace's cross claim as one count of intentional interference with the contractual or business relationship between Grace and Acme, and a separate count of intentional interference with the contractual or business relationship between Grace and KDV.

The elements required to prove these claims are: "(1) a protectable business relationship or contract; (2) of which the defendant knew; (3) to which the defendant was a 'stranger,' i.e., a third-party; (4) the defendant's intentional interference with the contract or business relationship; and (5) resulting damage to the plaintiff." *Moore Oil*, 747 F. Supp. 2d at 1289 (citing *White Sands Group, L.L.C. v. PRS II, LLC*, 32 So. 3d 5, 12-15 (Ala. 2009)).

*A. Intentional Interference in the Relationship Between Grace and KDV*

Grace asserts that Reroof intentionally interfered with the business relationship between Grace and KDV. Specifically, Grace argues that Reroof claims an interest, as KDV's assignee, in a lien that has been waived through a waiver of lien executed by KDV. Grace's pleading is sufficient to establish a relationship between itself and KDV of which Reroof had knowledge. However, to survive a motion to dismiss on an intentional interference claim, Grace must sufficiently plead Reroof's status as a 'stranger' to the relationship. While the cross claim may

name Reroof as a 'stranger,' the court takes judicial notice of its own previous orders in this case. "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (citing *Bryant v. Avado Brands, Inc.*, 187 F. 3d 1271, 1278 (11th Cir. 1999)). Public records, including court orders, are permissible subjects for judicial notice. *Id*.

On June 21, 2012, KDV filed a Motion to Substitute Party, claiming that Reroof is the real party in interest because of an assignment of KDV's accounts receivable and rights of payment to Reroof on September 22, 2008. (Doc. 16, ¶ 3). This court granted that motion, substituting Reroof for KDV as the proper Interpleader Defendant, stating that, "[b]ased on emails the court received, the Interpleader Plaintiff and the other Interpleader Defendant of record do not oppose this motion." (Doc. 19). If Grace believed Reroof to be an interfering stranger in this matter, it should have objected to KDV's motion to substitute Reroof as the real party in interest. Having passed this opportunity, the court must remain consistent with its previous orders and consider Reroof as an involved and interested party in the relationship. In essence, Reroof is a party to this case as a substitute for KDV; i.e., Reroof stand in the shoes of KDV. Because Reroof is not a 'stranger' to the relationship between Grace and KDV, instead holding an assignment of KDV's accounts receivable, including the account due from Grace to KDV, Grace cannot succeed in this claim.[1]

*B. Intentional Interference in the relationship between Grace and Acme*

The facts as pled by Grace in the Amended Cross Claim establish the existence of a

---

[1] The question of whether the waiver of the lien (doc. 54, ex. B) in favor of Grace Construction affects Reroof's right to payment still exists. However, the existence and validity of the waiver does not change Reroof's status as a party in interest.

contract and protectable business relationship between Grace and Acme. Grace asserts that by claiming an interest in the funds due from Acme to Grace, Reroof has delayed the payment due from Acme, causing the funds to be interpled. Again, Grace's claim fails to adequately establish Reroof's status as a stranger to the relationship.

As the previous records in this case establish, Acme included KDV as a defendant in its original complaint. Acme has recognized that KDV was a subcontractor of Grace's that had a potential claim on money owed under the contract between Grace and Acme. Neither Acme nor Grace claimed at any point in this litigation that KDV was a stranger to their relationship. Grace allowed KDV to substitute Reroof as the assignee of the account and real party in interest without any objection or reservation. Grace cannot now alter its position on Reroof's interest and claim that Reroof is a stranger to the relationship. This court will not take a position that is inconsistent with its prior orders in the very same case.

IV.   CONCLUSION

For the reasons as stated above, Reroof's Motion to Dismiss Grace's Amended Cross Claim (doc. 56) is due to be GRANTED.

A separate order will be entered in accordance with this Memorandum Opinion.

DONE and ORDERED this 8th day of July, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE